# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

NEW MUNDOEXPORT FRUITS, INC.   )
                               )
                               )  CIVIL ACTION
Plaintiff,                     )
                               )  Case No. 3:12-cv-0037
    v.                         )
                               )
DELICIAS PRODUCE CO., INC. and )
ROSA A. LOZANO, individually,  )
                               )
Defendants.                    )

## TEMPORARY RESTRAINING ORDER

New Mundoexport Fruits, Inc.'s (the "Plaintiff") Application for the issuance of a Temporary Restraining Order under Federal Rules of Civil Procedure 65(b) (the "Application") came before this Court and the undersigned on the date set forth below. The Court considered the Application, the Affidavit of Cesar Garcia and all related moving papers. The Plaintiff's Affidavit demonstrates defendants, Delicias Produce Co., Inc., ("the Company") and Rosa A. Lozano, individually ("the Principal") (the Company and the Principal are collectively referred to as the "Defendants"), purchased perishable agricultural commodities ("Produce") in interstate commerce and, thereafter, failed to pay the Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (2009 & Supp. 2011) (the "PACA").

These same pleadings and supporting documents establish that the Defendants have either dissipated the PACA trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, Affidavit and other submissions the Plaintiff filed in this matter, it appears to this Court that the Plaintiff will suffer

immediate and irreparable injury due to the Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. The Court is of the opinion that a Temporary Restraining Order should be issued without notice thereof due to the threat of further dissipation that such notice might allow.

Based on the foregoing, this 6th day of January, 2012,

**IT IS HEREBY ORDERED as follows:**

1. Defendants and their respective agents, attorneys, officers, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons or entities until further Order for this Court and after such time as the Defendants pay into the Registry of this Court no less than the current sum of $65,108.45.

2. Pending further orders of this Court, or until such time as Defendants deposit into the Registry of this Court the sum of at least $65,108.45, no banking institution holding funds for any of the Defendants shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Further, pending further order of this Court, or until such time as the Defendants deposit into the Registry of this Court the sum of at least $65,108.45 no banking institution holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of any Defendant without this Court's express written approval.

3. If the Defendants fail to deposit into the Registry of this Court the sum of $65,108.45 in full within three (3) business days of the entry of this Order, the Defendants must

account to the Court and to Plaintiff's Counsel for all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4. In furtherance of such an accounting, the Court hereby directs any banking institution holding funds for any of the Defendants to turn over to Plaintiff's undersigned counsel the most recent account statement and any signature cards regarding any of the Defendants' accounts at such banking institution(s) within five (5) business days of receipt of this Order.

5. The Defendants, their agents, employees, successors, banking institutions, attorneys and all persons in active concert and participation with Defendants shall immediately turn over to the Registry of this Court all funds or other assets impressed with the PACA trust.

6. This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, within three (3) business days of service of this Order, the Defendants shall serve a copy of this Order on all financial institutions with which any of the Defendants does any business, may do any business with or who may be holding any PACA trust assets for or on behalf of any of the Defendants.

7. Because Defendants already possess $65,108.45 of PACA trust assets which are the Plaintiff's property, the bond in this matter is hereby set at $ 25,000.00

8. This order shall continue in effect until the close of the Preliminary Injunction Hearing in this matter which is hereby set for January 19, 2012 at 1:30 A./P.M. in Courtroom 4 of the United States District Court for the Middle District of Tennessee, in Nashville, Tennessee.

9. Plaintiff, through its Counsel, shall promptly serve a true and correct copy of this Order on all Defendants including their respective counsel, if known.

_____
UNITED STATES DISTRICT JUDGE

Dated this 6th Day of January at 3:30 pm